Per curiam.
The circuit superior court erred in refusing to grant a new trial. The verdict of the jury was not sustained or justified by the evidence. The promise of indemnity, on Chapman’s part, was, upon a fair construction of the evidence, nothing more than an indemnity against the lawful acts of Summers. Ross’s redress for Summers’s unlawful acts was against Summers himself. Chapman neither undertook, nor did Ross receive his promise as an undertaking, to defend him against the tortious acts of Summers. Under this view of the contract, it was incumbent on Ross to shew, that the act of Summei's whereby he sustained injury, was not a tortious but a lawful act; that Summers had a lawful right to erect his dam 11 feet 6 inches high, and that so Chapman was liable on his assumpsit to indemnify him against the injury sustained by the exer *573 cise of such lawful right. But it is expressly stated, that no such evidence was exhibited to the jury; so that their verdict was not sustained by the evidence. This court, (not deeming it necessary, in this aspect of the case, to decide upon the questions raised by the motion to instruct) is of opinion, that a new trial should have been granted.
Judgment reversed, and cause remanded for a new trial.